UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMUEL CASTILLO,<br><br>                Petitioner,<br>v.<br><br>ISIDRO BACA, et al.,<br><br>                Respondents. | Case No. 2:18-cv-01068-APG-GWF<br><br>ORDER |

      This *pro se* habeas petition under 28 U.S.C. § 2254 comes before me for consideration of the petitioner's application for leave to proceed *in forma pauperis* (ECF No. 1) and for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Following initial review, I find the petition is subject to dismissal on multiple grounds.

      First, petitioner Samuel Castillo has not paid the filing fee, and the *in forma pauperis* application is incomplete, as it lacks both a financial certificate and Castillo's monthly account statements for the past six months. LSR 1-2.

      Second, the petition is both unexhausted and potentially untimely. Although Castillo does not identify the conviction challenged by case number or by district court, he states that he was sentenced to three to eight years for robbery on "2/12/15" in "CCDC," which the Court understands to mean Clark County Detention Center. The Eighth Judicial District Court's docket reflects that Castillo was sentenced on June 16, 2015 to a term of three to eight years for the crime of robbery in Case No. C-15-304875.[1] Further, the Nevada Department of Corrections reflects that Castillo is currently serving a single sentence arising out of a conviction in Clark County.[2] I therefore conclude that the instant habeas petition challenges the conviction entered in Case No. C-15-304875 in the Eighth Judicial District Court.

---

[1] *See* https://www.clarkcountycourts.us/portal (last accessed June 15, 2018).
[2] *See* http://167.154.2.76/inmatesearch/form.php (last accessed June 15, 2018).

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

The state courts' dockets reflect that Castillo never filed any direct appeal or post-conviction motions or petitions in state court.[3] Castillo states the same in his petition. *See* ECF No. 1-1 at 1. Because Castillo concededly never presented any claims to the Nevada Supreme Court, his petition is unexhausted in its entirety.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Castillo admits that he did not file a direct appeal of his conviction. His conviction therefore became final on July 15, 2015, the final day for filing a notice of appeal. The limitations

---

[3] *See* https://www.clarkcountycourts.us/portal (last accessed June 15, 2018); http://caseinfo.nvsupremecourt.us/public/publicActorSearch.do;jsessionid=6F745802AED523380E07615B551ABB8A (last accessed June 15, 2018).

period commenced the following day, on July 16, 2015. Castillo did not file any application for post-conviction relief in state court that could have tolled the statute of limitations. Absent another basis for tolling or delayed accrual, the limitations period expired on July 15, 2016. The petition filed on June 10, 2018 is thus apparently untimely.

While a petitioner generally would be given an opportunity to show cause why the petition should not be dismissed as untimely and unexhausted, I will not do so here because the petition must be dismissed at any rate as it is frivolous, fanciful, and fails to state any claim.[4]

In Ground 1, Castillo asserts that his rights to a "competent judge" and "challenge and expunge" have been violated. ECF No. 1-1 at 3. In the body of Ground 1, Castillo argues the following. On November 4, 2014, Castillo pleaded guilty to a charge of resisting arrest but was found innocent. *Id.* On February 12, 2015, when Castillo committed the robbery that is the subject of the conviction challenged here, he was supposed to be in prison (presumably on the resisting arrest charge) and therefore the robbery "was a hoax" and "should have never occurred." *Id.* Castillo is an informant for the FBI and the Federal Reserve and has evidence of inside trading in the State of Nevada. *Id.* Castillo never disclosed any of this to the court. *Id.* Castillo needs a new trial within one month, he needs the Securities and Exchange Commission there with him, and he needs to be transferred back to CCDC to be near his family. *Id.*

Nothing in Ground 1 states a claim, particularly Castillo's contention that the court was incompetent either for finding him not guilty of an earlier, unrelated charge, or that he is somehow not responsible for committing a robbery because he should have been in detention when he did so. To the extent the remainder of Ground 1 is not fanciful, it not does not state any basis for finding Castillo's conviction to be unconstitutional. Ground 1 thus fails to state a claim and/or is fanciful and frivolous. Ground 1 must be dismissed.

---

[4] Summary dismissal is appropriate where the allegations in a habeas petition are "patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Moreover, I must dismiss a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases.

In Ground 2, Castillo asserts that his right to have his case heard by the Nevada Supreme Court has been violated. ECF No. 1-1 at 5. In the body of Ground 2, Castillo argues as follows: "R. Chen illegally arrested" Castillo after "stalking" him. *Id.* R. Chen said Castillo was under arrest for felony resisting arrest but then said Castillo could go home. R. Chen's partner said he could not place Castillo under felony resisting arrest charges and released Castillo before taking him to jail.

The facts of Ground 2 concern an earlier, unrelated arrest and therefore do not bear on the constitutionality of Castillo's conviction for robbery. To the extent Ground 2 is meant to suggest that Castillo is not liable for committing robbery because he should have been in prison at the time he did so, the claim is plainly frivolous. Ground 2 therefore fails to state a claim.

Finally, in Ground 3, Castillo asserts that his right to a fair trial was violated because he never presented evidence that he should have been in jail at the time he committed the robbery. ECF No. 1-1 at 7. As with Grounds 1 and 2, the claim that Castillo should not have been convicted of robbery because he should have been in prison when he committed the crime is frivolous and will be dismissed.

Accordingly, as the petition entirely fails to state a claim for relief, the petition will be dismissed pursuant to habeas Rule 4.

**Certificate of Appealability**

In order to proceed with an appeal, Castillo must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or

that the questions are adequate to deserve encouragement to proceed further. *Id.* When the petitioner's claim is denied on procedural grounds, a certificate of appealability should issue if the petitioner shows: (1) "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Reasonable jurists would not find my dismissal of the petition to be wrong or debatable. Castillo did not properly commence this action by paying the filing fee or filing a complete pauper application, the petition is on its face completely unexhausted and probably untimely, and the petition fails to state a claim and is frivolous and fanciful. Accordingly, I conclude that Castillo has not satisfied the standard for issuance of a certificate of appealability.

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of Court shall FILE the petition (ECF No. 1-1).

IT IS FURTHER ORDERED that the petition is DISMISSED without prejudice.

IT IS FURTHER ORDERED that Castillo is DENIED a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk shall enter final judgment accordingly and CLOSE this case.

DATED THIS 18th day of June 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5